```
                IN THE UNITED STATES DISTRICT COURT
               FOR THE WESTERN DISTRICT OF TENNESSEE
                          WESTERN DIVISION
```

| | |
|---|---|
| WILLIAM GRANDBERRY,               ) | |
|                                   ) | |
|         Plaintiff,                ) | |
|                                   ) | |
| vs.                               ) | No. 2:09-cv-2300-JPM-tmp |
|                                   ) | |
| UNITED STATES POSTAL SERVICE;     ) | |
| JOHN E. POTTER, sued in his       ) | |
| official capacity; and THOMAS     ) | |
| E. PAWLOWSKI, sued in his         ) | |
| official capacity,                ) | |
|                                   ) | |
|         Defendants.               ) | |

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS, MOTION FOR PARTIAL SUMMARY JUDGMENT, AND MOTION TO STRIKE JURY DEMAND FOR FMLA CLAIMS**

Before the Court is Defendants the United States Postal Service, John E. Potter, and Thomas E. Pawlowski's (the "Defendants") Motion for Judgment on the Pleadings, or in the Alternative, Motion for Partial Summary Judgment and Motion to Strike Jury Demand for FMLA Claims (Docket Entry ("D.E.") 23), filed September 3, 2009.  Plaintiff William Grandberry responded on October 12, 2009.  (D.E. 27.)  For the following reasons, the Court GRANTS in part and DENIES in part Defendants' motion.

**I. Background**

This case arises out of the termination of Plaintiff's employment with the United States Postal Service.  (See generally Compl. (D.E. 1).)  Defendant Potter is the Postmaster

1

General of the United States Postal Service, and Defendant Pawlowski was the Postmaster of the Memphis, Tennessee post office where Plaintiff worked. (Id. at 2.) Plaintiff asserts three claims against the Defendants: (1) an interference claim under the Family and Medical Leave Act ("FMLA"); (2) a retaliation claim under the FMLA; and (3) a race discrimination claim under the Tennessee Human Rights Act. (Id. at 3-5.)

Defendants move to dismiss Plaintiff's Tennessee Human Rights Act claim, arguing that Title VII is the exclusive remedy for claims of race discrimination in federal employment.[1] (Defs.' Mem. in Supp. of Mot. (D.E. 23-3) 6-7.) As to Plaintiff's jury demand for his FMLA claims, Defendants argue that the FMLA does not provide a right to a jury trial against the Federal Government. (Id. at 8-10.) Further, Defendants argue that punitive damages and damages for emotional distress are not available under the FMLA. (Id. at 10-11.) Finally, Defendants argue that public officials such as Defendants Potter and Pawlowski may not be sued in their individual capacity under the FMLA. (Id. at 8.) Defendants do not otherwise challenge Plaintiff's FMLA claims against the United States Post Office.

Plaintiff does not oppose Defendants' motion. (Pl.'s Response (D.E. 27) 2.) The Court will nonetheless consider

---

[1] The Court declines to consider Defendants' arguments as to whether Title VII relief is available to Plaintiff, because Plaintiff has not brought a Title VII claim. In addition, the Court declines to consider Defendants' Civil Service Reform Act and Postal Reorganization Act preemption arguments, as they are unnecessary to the resolution of Defendants' motion.

2

whether it is appropriate to grant the relief the Defendants request.  See Carver v. Bunch, 946 F.2d 451, 455 (6th Cir. 1991) (the plaintiff's failure to oppose a motion to dismiss is not a basis for granting the motion).

**II. Standard of Review**

Defendants move for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), or in the alternative, for partial summary judgment under Federal Rule of Civil Procedure 56.  The Court will not consider matters outside the pleadings, so the Court will resolve Defendant's motion under Rule 12(c).

The standard for judgment on the pleadings under Rule 12(c) is the same as that for a motion to dismiss under Rule 12(b)(6). Lindsay v. Yates, 498 F.3d 434, 438 (6th Cir. 2007).  Under Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009) and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), "a civil complaint only survives a motion to dismiss if it 'contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'"  Courie v. Alcoa Wheel & Forged Prods., 577 F.3d 625, 630 (6th Cir. 2009) (quoting Iqbal, 129 S. Ct. at 1949).  The Court must "construe the complaint in the light most favorable to the plaintiff, accept all its allegations as true, and draw all reasonable inferences in favor of the plaintiff."  In re Travel Agent Comm'n Antitrust Litig.,

583 F.3d 896, 902-03 (6th Cir. 2009) (citation omitted).  The Court "need not accept as true legal conclusions or unwarranted factual inferences . . . and conclusory allegations or legal conclusions masquerading as factual allegations will not suffice."  Id. at 903 (citations and quotation marks omitted).

### III. Analysis

#### A. Plaintiff's Tennessee Human Rights Act Claim

Defendants are correct that Title VII of the Civil Rights Act of 1964 is the exclusive remedy for claims of race discrimination in the federal employment sector.  Hunter v. Sec'y of U.S. Army, 565 F.3d 986, 993 (6th Cir. 2009) (citing Brown v. Gen. Servs. Admin., 425 U.S. 820, 829-35 (1976)).  Plaintiff's claim under the Tennessee Human Rights Act is therefore DISMISSED.

#### B. Plaintiff's Demand for a Jury Trial of his FMLA Claims

Defendants are also correct that a jury trial is unavailable for FMLA claims against the Federal Government.  Davis v. Henderson, No. 99-3028, 2000 WL 1828476, at *2 (6th Cir. Dec. 4, 2000); Steinhardt v. Potter, 326 F. Supp. 2d 449, 450-54 (S.D.N.Y. 2004).  The Court therefore STRIKES Plaintiff's demand for a jury trial of his FMLA claims.

#### C. The Availaibility of Punitive Damages and Damages for Emotional Distress under the FMLA

Defendants are likewise correct that neither punitive damages nor damages for emotional distress are available

4

remedies under the FMLA.  Farrell v. Tri-County Metro. Transp. Dist. of Or., 530 F.3d 1023, 1025 (9th Cir. 2008); Brumbalough v. Camelot Care Ctrs., Inc., 427 F.3d 996, 1008 (6th Cir. 2005).  The Court will thus STRIKE Plaintiff's demands for punitive damages and damages for emotional distress.  See Meshkov v. Unum Provident Corp., 209 F. Supp. 2d 459, 462 (E.D. Pa. 2002) (striking demand for unavailable remedy); Anderson v. Ill. Bell Tel. Co., 961 F. Supp. 1208, 1212 (N.D. Ill. 1997) (same).

### D. Defendant's Motion to Dismiss Plaintiff's Claims Against Defendants Potter and Pawlowski

Defendants argue that the Court should dismiss Plaintiff's claims against Defendants Potter and Pawlowski because public officials may not be sued in their individual capacity under the FMLA.  Defendants correctly state the law: public officials may not be held individually liable under the FMLA.  Mitchell v. Chapman, 343 F.3d 811, 832 (6th Cir. 2003).  Defendants' argument is, however, inapposite.  Plaintiff is suing Potter and Pawlowski in their official capacities, (see Compl. caption; ¶¶ 4, 5), which the FMLA permits, see Mitchell, 343 F.3d at 822.  The Court therefore DENIES Defendants' motion to dismiss Defendants Potter and Pawlowski.

IT IS SO ORDERED this 30th day of November, 2009.

/s/ Jon P. McCalla_____
JON P. McCALLA
CHIEF U.S. DISTRICT JUDGE

5